United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-30998
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL WAYNE ROBINSON,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CR-20048-ALL
---------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Michael Wayne Robinson ("Robinson") appeals his conditional guilty-plea conviction of felon in possession of a firearm. He argues that the district court erred in denying his motion to suppress because the police officer who arrested him did not have reasonable suspicion to conduct an investigatory stop. Robinson contends that the police officer precipitated his rapid departure from the street corner where he had been standing because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officer drove up in a vehicle that had its headlights off despite the fact that it was 1:00 a.m.

The police officer who stopped Robinson was driving a marked patrol car in an area with street lights. The officer indicated that, once he turned onto the street where Robinson was standing, the person to whom Robinson had been talking ran away and Robinson began to walk away at a very rapid pace. The officer testified that this incident occurred in a residential area that had a very high rate of car burglaries and thefts, and that he thought that the two men fled because they had committed a crime. Having considered the totality of the circumstances and reviewed the evidence in a light most favorable to the government as the prevailing party, we hold that the investigatory stop of Robinson did not violate the Fourth Amendment, and that the district court did not err in denying the motion to suppress. See Illinois v. Wardlow, 528 U.S. 119, 124-25, 126-27 (2000); United States v. Michelletti, 13 F.3d 838, 841 (5th Cir. 1994).

AFFIRMED.